IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GABRIEL MEDRANO | § | |
| v. | § | CIVIL ACTION NO.  6:04cv328 |
| SGT. YOUNG | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Gabriel Medrano, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  The parties have consented to allow the United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. §636(c).  The sole named defendant in the lawsuit is Sgt. Robert Young.

Background

In his complaint and at an evidentiary hearing, Medrano says that on April 5, 2004, while he was confined at the Coffield Unit, between 3:30 and 4:30 p.m., he was assaulted by Sgt. Young.  He says that earlier in the day, he got into a verbal dispute with Young, and Young ordered two officers to take him to the office on G Wing.  There, Young "jumped out of the chair" and punched him in the face twice, and then grabbed him around the neck and pushed him into the cabinet.  Medrano says that Young choked him, threatened him, and then slapped him.

Medrano says that he was denied medical attention until the next shift came and that he was not taken to the medical department until 9:15 or 9:30 p.m.  The nurse gave him some ibuprofen and ice packs, but did not take any photographs.  Lt. Carnes told him that he would see what he could do about the assault and returned Medrano to his cell. The sole relief sought by Medrano in his complaint is that the Court take "corrective action."

1

Sgt. Young was ordered to answer the lawsuit and did so.  On December 16, 2005. Young filed a motion for summary judgment.  Medrano filed a response to this motion on January 6, 2005.

In his motion for summary judgment, Sgt. Young first sets out Medrano's claims and points out that the only relief sought is that the Court take "corrective action."  Young then gives his own version of the facts, saying that at 12:40 p.m., Medrano created a disturbance by throwing liquid from his cell, for which he received a disciplinary case.  Young then had him taken to the G Wing office to counsel him about his behavior.  Young denied striking or touching Medrano.

Sgt. Young says that contrary to Medrano's claim that he did not receive medical attention until 9:15 p.m., the medical records show that he was seen in the infirmary at 1:30 p.m. At this time, Medrano complained about cheek pain from a sergeant hitting him on the back of the head and the left cheek.  The nurse noted that his left cheek was swollen, discolored, and tender to the touch, but there were no problems to the back of his head.  Medrano received an ice pack and Tylenol, and ranking officers were notified about his allegations. An investigation was undertaken, but Medrano's claims could not be substantiated.

The next day, April 6, Medrano was seen by Dr. Tito Orig.  Dr. Orig noted Medrano's complaint of cheek pain and that Medrano had a previous fracture of his cheekbone.  At this time, Medrano's left cheek was swollen and tender.  A facial X-ray was ordered, which proved to be within normal limits.  Dr. Orig also gave Medrano a prescription for 800 mg of Motrin, a pain reliever, for 14 days, and ordered "clear liquids x 24 hours."  No further medical care was required for this injury.

In his response, Medrano says that he wants to extend the relief sought to include $50,000.00 in damages.  He concedes that he received a disciplinary case and says that Sgt. Young did have him taken out of his cell for escort to G Wing.  At this time, Medrano says, inmates nearby saw him leaving his cell, with no bruises or marks.  When he returned to his cell, however, these witnesses saw that his face was "severely swollen and bruised."  He points to the examination by the

2

nurse, who found that his left cheek was swollen, tender, and discolored, and by Dr. Orig the next day, who found that his cheek was still tender and gave him pain medication and an order for clear liquids for 24 hours.  Medrano is now confined at the Clements Unit in Amarillo, Texas.

Legal Standards and Analysis

Damages

As the defendants point out, the only relief sought by Medrano in his complaint was "corrective action by the Court." This is in effect a request for injunctive relief.  *See generally* Ferguson v. City of Phoenix, 157 F.3d 668. 675 (9th Cir. 1998).  Medrano did not seek any actual damages, and made no mention of actual damages until his response to the defendant's motion for summary judgment, which response was filed on January 6, 2006.

The Fifth Circuit has held that a claim which is not raised in the complaint but rather is raised only in response to a motion for summary judgment is not properly before the Court.  Fisher v. Metropolitan Life Insurance Co., 895 F.2d 1073, 1078 (5th Cir. 1990); Cutrera v. Board of Supervisors of Louisiana State University, 429 F.3d 108, 113 (5th Cir. 2005).  Consequently, Medrano's claim for monetary damages is not properly before the Court.

This conclusion is buttressed by the fact that Medrano has had more than ample time in which to present his claim for monetary damages.  The lawsuit was filed on July 9, 2004, but Medrano did not see fit to raise a claim for monetary damages until January 6, 2006, at which time an answer and motion for summary judgment had already been filed, a scheduling order had been entered setting deadlines for witness and exhibit lists, and the parties have already submitted these lists.

In Stringer v. Alben, 89 Fed.Appx. 449 (5th Cir., March 3, 2004) (unpublished), the *pro se* plaintiff argued that the district court erred by not allowing him to amend his complaint before the final judgment was entered.  He maintained that the district court should have construed a reply to the defendant's response to his motion for summary judgment as an amendment to the complaint. The Fifth Circuit held as follows:

3

Stringer's reply to Defendants' response to his motion for summary judgment cannot be construed as an amendment taken as of right because it was filed after the Defendants' response. Thus, his reply could only act as an amendment to the complaint if the court first granted leave to amend. However, Stringer did not request leave to amend his complaint in his reply brief. Stringer merely asserted that he had spoken to many deputy sheriffs in the course of his arrest, and that if the district court granted summary judgment for Defendants, Stringer would have no choice but to file a motion to amend his complaint. Stringer's reply to Defendants' response was not a motion to amend his complaint. Thus, the district court did not abuse its discretion [in not construing the reply as an amended complaint].

In the present case, Medrano's response to the motion for summary judgment was filed after the answer, and so it cannot be construed as an amendment as of right under Rule 15, Fed. R. Civ. P.  Consequently, it can only be construed as an amendment if leave to amend were first granted.  However, like Stringer, Medrano did not request leave to amend his complaint in his response to the motion for summary judgment; instead, he says as follows:

The defendant by way of Asst. Attorney General contends that the only relief requested by the plaintiff is that the court - apply - corrective action to the defendant. It's common knowledge that the plaintiff would allege that the accused actions by the defendant be corrected.  Thus assumed to be injunctive relief.  Nonetheless, the plaintiff will at this time extend the requested relief to that of $50,000.00 to make up for the harm he suffered by the defendant's unlawful actions of excessive unauthorized use of force, thus committed for the sole purpose of causing harm to the plaintiff and not restore order.

As in Stringer, this is not a motion to amend his complaint, nor does Medrano request leave to amend the complaint.  Under Fifth Circuit precedent, therefore, the court is within its discretion in not construing Medrano's response as an amended complaint.[1]

Furthermore, Medrano's own response makes clear that he was aware that he was requesting only injunctive relief.  His addition of a request for monetary damages, in a response to a motion for summary judgment filed a year and a half after the original complaint, is nothing more than an untimely afterthought.  Medrano's request for monetary damages is not properly before the

---

[1]Because Medrano is *pro se*, his pleadings are read liberally.  Haines v. Kerner, 404 U.S. 519 (1972).  However, the Fifth Circuit has held that *pro se* parties still must comply with the rules of procedure.  Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); *see also* Cain v. Beto I Unit, 126 Fed.Appx. 645 (5th Cir., Feb. 23, 2005) (not selected for publication in the Federal Reporter) (noting that district court "was not required to act as [*pro se* plaintiff's] advocate."

Court and cannot be considered.  <u>Cutrera</u>, 429 F.3d at 113.  This leaves only his request for "corrective action" properly before the Court.

Mootness

Because Medrano's lawsuit seeks only injunctive relief, the Court must consider the question of mootness.  The Fifth Circuit has held that federal court must raise the issue of mootness *sua sponte* if the facts suggest mootness, notwithstanding the silence of the parties with respect to the issue.  <u>Dailey v. Vought Aircraft Co.</u>, 141 F.3d 224, 227 (5th Cir. 1998), *citing* <u>North Carolina v. Rice</u>, 404 U.S. 244, 245, 92 S.Ct. 402, 403-04 (1971).

An action is moot where (1) the controversy is no longer live or (2) the parties lack a personal stake in its outcome.  <u>Rocky v. King</u>, 900 F.2d 864, 867 (5th Cir. 1990); <u>United States Parole Commission v. Geraghty</u>, 445 U.S. 388, 100 S.Ct. 1202 (1980).  As a general rule, the transfer of an inmate away from a prison facility moots claims for injunctive relief arising at that facility.  *See* <u>Gillespie v. Crawford</u>, 858 F.2d 1101, 1102 (5th Cir. 1988) (claim for injunctive relief from prison conditions mooted by inmate's parole); <u>Rocky</u>, 900 F.2d at 867 (inmate's claim for injunctive relief regarding conditions of field work mooted by removal of inmate from field work); <u>Hernandez v. Garrison</u>, 916 F.2d 291, 293 (8th Cir. 1990) (claim seeking transfer to another facility mooted by transfer).

In this case, the record reflects that the incident about which Medrano complains occurred at the Coffield Unit in Tennessee Colony, but court records show that he is now at the Clements Unit in Amarillo.  He makes no showing that Sgt. Young continues to pose a threat to him, nor what kind of "corrective action" could be taken by the Court; on the contrary, his transfer away from the Coffield Unit amounts to "corrective action" taken by the prison officials, effectively removing him from a unit where he faced a potential threat.  Because Medrano's claim is moot, the lawsuit must be dismissed.  *See* <u>Matter of Talbott Big Foot, Inc.</u>, 924 F.2d 85, 87 (5th Cir. 1991) (holding that "the duty of the federal court is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to

5

declare principles or rules of law which cannot affect the matter in issue in the case before it.") It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice as moot.  It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**So ORDERED and SIGNED this 19th day of January, 2006.**


JOHN D LOVE
UNITED STATES MAGISTRATE JUDGE